98 F.3d 1357
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ruth SOUSA, Plaintiff-Appellant,
v.
BP OIL, INC., Defendant-Appellee,
and
J.R. SOUSA & SONS, INC., Natalie S. Campbell, Joseph J.
Sousa, Alex Stathopoulos and Jerome R. Sousa, Jr.,
Defendant-Appellees.
 No. 96-1051.
 United States Court of Appeals, Federal Circuit.
 Sept. 11, 1996.
 
 Before NEWMAN, PLAGER, and CLEVENGER, Circuit Judges.
 
 NEWMAN
 
 1
 Ruth Sousa obtained the right to prosecute a claim of the J.R. Sousa Corporation against BP Oil. The United States District Court for the District of Massachusetts held that the claim was barred by the expiration of the period of limitations for tort actions as provided in Mass. Gen. L. ch. 260, § 2A, and that equitable tolling was not warranted. The judgment is affirmed on the basis of the district court's opinion, Sousa v. BP Oil, Inc., No. 83-4046 (D.Mass. September 12, 1995), on the issues arising under the Emergency Petroleum Allocation Act of 1973 and the Economic Stabilization Act of 1970. The Federal Circuit's appellate jurisdiction, as successor to the Temporary Emergency Court of Appeals, is limited to these issues. See Texas American Oil Corp. v. United States Dep't of Energy, 44 F.3d 1557, 1564-65 (Fed.Cir.1995) (discussing "issue" jurisdiction).
 
 
 2
 Ruth Sousa argues that the period of limitations should be equitably tolled based on a theory either of equitable estoppel, fraudulent concealment, or adverse domination. Equitable estoppel "is a judicially-devised doctrine which precludes a party to a lawsuit, because of some improper conduct on that party's part, from asserting a claim or a defense, regardless of its substantive validity." FDIC v. Fonseca, 795 F.2d 1102, 1108-09 (1st Cir.1986). For the reasons discussed by the district court, we affirm that equitable estoppel is not available. Concerning fraudulent concealment, the district court found that managing officers, corporate counsel, the comptroller, and others, had actual knowledge of the facts underlying the corporation's claims against BP Oil, well before the expiration of the limitations period. Equitable tolling, on any ground, is not warranted.
 
 
 3
 We affirm that the action based on the EPAA and the ESA is barred. The appeal as to all other issues is dismissed for absence of jurisdiction.